# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STANLEY M. CHESLEY, | |
| Plaintiff, | Case No. 1:15-cv-83 |
| v. | Judge Peter C. Economus |
| ANGELA M. FORD, | OPINION AND ORDER |
| Defendant. | |

Plaintiff Stanley M. Chesley, an Ohio citizen, filed this case on January 6, 2015 in the Court of Common Pleas for Hamilton County, Ohio against Defendant Angela M. Ford, Esq., a Kentucky citizen, and Defendant Unknown Respondents. On February 5, 2015, Ford removed the case to this Court on the basis of diversity jurisdiction. While it is undisputed that some of the Defendant Unknown Respondents are Ohio citizens, and therefore not diverse with Plaintiff Chesley, Ford relied on 28 U.S.C. § 1441(b)(1), which states that "the citizenship of defendants sued under fictitious names shall be disregarded" for the purpose of determining diversity jurisdiction." (Doc. 1.) On March 6, 2015, Chesley filed a motion for leave to file an amended verified petition, stating that "it provides evidence that (i) several previously sued but not specifically identified 'Unknown Respondents' are Ohioans, and (ii) Ford has had multiple contacts with Ohio for several years arising directly from her activity described in the Petition." (Doc. 19 at 1.) This matter is before the Court on Chesley's motions for leave to amend his petition (doc. 19) and to remand this matter to state court (doc. 10). For the following reasons, the Court **GRANTS** both motions.

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Court "possess[es] discretion in determining whether to deny joinder under § 1447(e)," and considers the following factors:

(1) the defendant's interest in selecting a federal forum;

(2) the extent to which the purpose of the amendment is to defeat jurisdiction;

(3) whether the plaintiff was dilatory in seeking the amendment;

(4) whether the plaintiff will be injured significantly if the amendment is not allowed;

(5) any other factors bearing on the equities.

*Shaffer v. DaVita Sw. Ohio Dialysis*, No. 3:13-cv-232, 2013 WL 5366090, at *2 (S.D. Ohio Sept. 24, 2013) (citing *Kunkel v. CUNA Mut. Ins. Soc'y*, No. 2:11-cv-492, 2011 WL 4948205, *1–2 (S.D. Ohio Oct.18, 2011)); *see also Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 541 (6th Cir. 2006).

### 1. Defendant's Interest in Federal Forum

Ford correctly argues that her interest in retaining the federal forum weighs against granting Chesley's motion, and the Court gives this factor due consideration.

### 2. Purpose of Defeating Jurisdiction

Ford argues that "Chesley's primary purpose in amending his Complaint is to destroy diversity." (Doc. 26 at 6.) Chesley argues that "[t]he purpose of [his] request to amend the Complaint is not to defeat federal jurisdiction," but "to clarify that federal diversity jurisdiction never existed." (Doc. 19 at 7.)

As stated above, it is undisputed that some of the Unknown Respondents are Ohio citizens. Chesley states that the Unknown Respondents were not identified by name in his original complaint because he does not know all of their names, and his "inability to identify his current judgment creditors (the Unknown Respondents) is something he hopes to remedy through a state court order." (Doc. 19 at 6–7.)

Defendant Ford argues that Chesley has known the names and addresses of the Unknown Respondents for years, pointing to information provided to Chesley in 2001, 2007, and 2010. (Doc. 26 at 1, 3.) However, according to Chesley, when Ford is asked to identify her clients, she "continues to point to a twelve-year-old settlement grid" which contains 414 names. However,

2

Ford has listed 463 names in her various filing over the years, and she has stated there are 381 or 382 current judgment creditors. (Doc. 19 at 7 n.5.)

The Court finds that Chesley's primary purpose in amending his complaint is to destroy the Court's apparent diversity jurisdiction over the original complaint. However, due to the challenges facing Chesley in naming each judgment creditor, and the fact that Ford obviously knew prior to removing this case that some of the Unknown Respondents are Ohio citizens, the Court finds that this factor does not weigh heavily against the motion to amend.

### *3. Dilatory in Seeking Amendment*

Ford argues that this factor weighs against Chesley's motion because the motion was filed after the case was removed.[1] However, that circumstance is what triggers the analysis under 28 U.S.C. § 1447(e); it is not a fact weighing against amendment.

This case, including the filing of the motion to amend, has moved quickly. Chesley filed his complaint on January 6, 2015, Ford removed the case on February 5, 2015, and Chesley filed his motion for leave to amend on March 6, 2015. Considering this timeline, the Court finds that this factor weighs in Chesley's favor.

### *4. Injury to Plaintiff*

Chesley argues, and this Court agrees, that he "would be significantly injured if he is not allowed to include as respondents his current judgment creditors (including the Ohio Respondents)." Without the judgment creditors as defendants in this case, "Chesley cannot be granted the relief to which he is entitled; Chesley's judgment creditors can simply get new counsel and not be bound by the relief granted to Chesley against Ford." (Doc. 19 at 8.)

---

[1] Ford cites an unpublished case from the Eastern District of Kentucky, *Cooper v. Thames Healthcare Grp., LLC*, No. CIV. 13-14-GFVT, 2014 WL 941925, at *5 (E.D. Ky. Mar. 11, 2014). In *Cooper*, the court found that this factor was "somewhat neutral" where the plaintiff knew of the additional parties at the time of the original complaint, and filed the motion to amend when the case was still "in its infancy," before the filing of a scheduling order and prior to discovery. Ford's cited case is unhelpful to her.

3

Ford responds that Chesley will not be significantly injured by the denial of his motion because his amended complaint is "futile" and does not assert a valid cause of action against either Ford or the judgment creditors. (Doc. 26 at 10–11.) While Ford states that "Chesley's claims against any of his judgment creditors are . . . subject to dismissal," she also states that "Chesley will likely need to engage in multiple lawsuits" against individual judgment creditors. (Doc. 26 at 10–11.) However, the issue of whether Chesley has asserted a valid cause of action against each defendant is a matter to be decided on a different motion, and by a Court with jurisdiction over this matter. The Court finds that this factor weighs in favor of granting the motion.

Considering the above factors, this Court concludes that its discretion under 28 U.S.C. § 1447(e) is better exercised in granting Plaintiff's motion for leave to amend. Because the Court grants leave for Plaintiff to amend his complaint to identify a non-diverse defendant, complete diversity is destroyed and the case must be remanded. *See Curry*, 462 F.3d at 541. Therefore, the Court **GRANTS** Plaintiff's motions to amend (doc. 19) and to remand (doc. 10). The Court hereby **ORDERS** that this case be **REMANDED** to the Court of Common Pleas for Hamilton County, Ohio.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE